

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

January 11, 1947

Hon. I. Predecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. V-15

Re: Maximum salaries that may
    be paid to deputies, assis-
    tants and clerks to the
    county officials in Galveston
    County, Texas.

We are in receipt of your request for our opinion
on the hereinabove captioned matter, and we quote from your
letter as follows:

"County Judge Theodore R. Robinson has handed to
me your letter of January 2nd, 1947, also the opinions
that you sent to him Nos. 0-6592 and 0-6597, both of
which have reference to Senate Bill #123, an Act of the
49th Legislature, in connection with Article 3902,
R.C.S.

"In the opinions rendered, as well as in your
letter to the County Judge, it is held that Section 9
of Article 3902, as amended, means the amount of money
which an officer was permitted under the law to receive,
rather than the amount of money actually paid as
authorized by the Commissioners' Court.

"In Galveston County, several of the County Officials
have conditions as follows:
"1 --
"An individual was employed in 1943, and was then
paid the sum of $150.00 per month. This individual went
into the service of the country and on return, was rein-
stated in his or her position in 1945, and was paid
$175.00 per month. Not being in the office any time
during the year 1944, what is the maximum salary that
can now be paid to the Serviceman or woman?

"2 --
"What is the maximum salary at this time, by virtue
of the amendemnt, for deputies, assistants, or clerks,
who are to be employed now by various County Officials
but who have never before been employed by Galveston
County?

"Galveston County, according to the 1940 Federal Census, had a population of 81,173. Provision for Galveston County according to its population comes in the bracket of Section 4, Article 3902 and limits the chief deputy to $2,400.00 per annum; others not to exceed $2,100.00 per annum.

"At this time, the Commissioners' Court is required to authorize on sworn statements the number of deputies, assistants, or clerks, and the amount to be paid each, and I kindly ask if you will please give me your opinion so that I can prepare the proper orders for each office to be passed by the Commissioners' Court on January 13th, the second Monday of this month."

You have advised us in your letter of January 4, 1947, that the population of Galveston County as determined by the last Federal Census is 81,173. Therefore, we quote Section 4 of Article 3902 which reads as follows:

"In counties having a population of sixty thousand and one (60,001) and not more than one hundred thousand (100,000) inhabitants, first assistant or chief deputy not to exceed Twenty-four Hundred ($2400.00) Dollars per annum; other assistants, deputies or clerks not to exceed Twenty-one Hundred ($2100.00) Dollars per annum each."

In connection with the foregoing statute, we call your attention to Section 9 of the same Article which reads as follows:

The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the deputies, assistants and clerks of any district, county or precinct officer justify the increase, to enter an order increasing the compensation of such deputy, assistant or clerk in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed Thirty-six Hundred ($3600.00) Dollars."

In Opinion No. 0-6597, this department construed the provisions of S. B. 123, of which Section 9 is a part, in the following manner:

"In view of the foregoing, it is the opinion of this department that S. B. 123, supra, authorizes the Commissioners' Court when in their judgment the finan-

cial condition of the county and the needs of the officers justify the increase, to enter an order raising the maximum compensation allowed by law to an amount not to exceed twenty-five (25%) per cent of the sum allowed for the fiscal year of 1944. In other words, it allows the Commissioners' Court to raise by twenty-five (25%) per cent the maximum amount of compensation from any source from which he is allowed to retain."

The increase authorized by Section 9, supra, is not based upon the salary a particular officer or employee actually received in 1944, but it is based upon the maximum compensation allowed by law for the particular office or position in 1944.

From reading the above mentioned opinion, a copy of which has already been mailed to you, and the foregoing statute, it can be seen that said Sections 4 and 9, supra, are dealing with the offices or positions enumerated therein and not with the individual or individuals that may have held said offices or positions in 1944 or at any other time. In other words, if the law were such that any contemplated increase in the salary of a deputy, assistant or clerk under the provisions of Section 9, supra, had to be based on the amount that the individual holding said office or position received in 1944, it might produce an absurd or ridiculous result, for it is altogether possible that no one may have held the particular office or position during the "war year" of 1944. Also, you can readily see where an interpretation of Sections 4 and 9 holding that said statutes were applicable to the individual rather than to the office or position would produce an absurd result relative to persons that were not employed by Galveston County in 1944 or at any time prior to 1947.

In answer to your first question, it is our opinion that a person who was employed by Galveston County in 1943 and 1945 and was away in service during all of 1944 but is now employed as a first assistant or chief deputy may be paid an annual salary by authority of Article 3902, Section 4, supra, not to exceed Twenty-four Hundred ($2400) Dollars, and if he is a regular assistant, deputy or clerk, he may be paid a salary of not to exceed Twenty-one Hundred ($2100) Dollars per annum by virtue of the same Article unless the County Commissioners' Court under the authority of Article 3902, Section 9, elects to increase the foregoing salary limitations by an amount not to exceed twenty-five (25%) per annum.

In answer to your second question, it is our

opinion that it is immaterial whether the deputy, assistant or clerk had ever been employed by Galveston County prior to this time, and answering your question specifically, it is our opinion that if such person is employed as a first assistant or chief deputy, he may be paid an annual salary under the provisions of Section 4, Article 3902, not to exceed Twenty-four Hundred ($2400.00) Dollars, and if he is a regular assistant, deputy or clerk, he may be paid an annual salary by virtue of said Section 4 not to exceed Twenty-one Hundred ($2100.00) Dollars, unless the County Commissioners' Court under the authority of Article 3902, Section 9, supra, elects to increase the foregoing maximum salary limitations by an amount not to exceed twenty-five (25%) per cent.

## SUMMARY

The statutes regulating salaries of deputies, assistants and clerks of county officials apply to the offices or positions, and, individual's past employment or time thereof have no bearing on amount of salaries to be paid to individuals now holding such positions. Article 3902, Secs. 4, and 9., V.A.C.S.

The first assistant or chief deputy now employed by a county officer of Galveston County may be paid an annual salary not to exceed Twenty-four-Hundred ($2400.00) Dollars, and a regular assistant, deputy or clerk of an officer of said county may be paid a salary not to exceed Twenty-one-Hundred ($2100.00) Dollars per annum, unless the County Commissioners' Court, under authority of Article 3902, Section 9, V.A.C.S., increases said salary limitations by an amount not to exceed twenty-five (25%) per cent per annum.

Very truly yours

APPROVED JAN. 11, 1947

s/ Price Daniel

ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB, Chairman

JCD:djm/cg

ATTORNEY GENERAL OF TEXAS

s/ J. C. Davis, Jr.

By
J. C. Davis, Jr.
Assistant